(5 App. Div. 470.)

## MEISTER v. SHARKEY'S MONUMENT WORKS

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

EVIDENCE—ADMISSIONS—BOOK ENTRIES.

Entries made by an employé in the time books, tending to show that his services had been fully paid for, are not conclusive on his administratrix in an action for a balance alleged to be due for such services.

Appeal from city court of Brooklyn, trial term.

Action by Elizabeth Meister, as administratrix of Conrad Meister, deceased, against Sharkey's Monument Works, to recover a balance alleged to be due for services rendered by plaintiff's intestate to defendant. The complaint was dismissed at the close of the evidence on both sides, and plaintiff appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BART-
LETT, and HATCH, JJ.

Simon Sultan, for appellant.

William M. Benedect, for respondent.

BARTLETT, J.    The plaintiff's husband, Conrad Meister, was
employed for many years as a designer, salesman, and superintend-
ent in certain marble and granite works carried on at first by one
James Sharkey, and afterwards by the defendant corporation, as
his successor in business.    The administratrix brought this suit
to recover a balance alleged to have been due for the plaintiff's
services at the time of his death.    At the conclusion of the evi-
dence on both sides, the trial court dismissed the complaint, on the
ground that the proof showed that the plaintiff's intestate had been
paid in full.    The propriety of holding the defendant corporation
liable as the successor of James Sharkey was not disputed by coun-
sel for the respondent upon the argument of the present appeal;
and the only question discussed was whether the case ought to have
been sent to the jury or not, on the issue of payment.

The evidence to sustain this plea was found for the most part
in time books, in the shape of entries made by Conrad Meister him-
self; and it is apparent that the court below deemed these entries
conclusive.    There was testimony, however, in the case, which de-
prived them of that character, and raised an issue of fact.    A
daughter of Conrad Meister produced a paper entitled "Statement
of Account, C. Meister," of which she said her father gave Mr. Shar-
key a copy on Washington's birthday, 1891.    This paper showed a
balance due Meister of $3,481.47 on the 17th of February in that
year.    The same witness testified that Mr. Sharkey, speaking of this
paper, said to her father, in her presence, on a subsequent occasion,
that he had not had time to look over it yet; that it was of 24
years' standing, and he wanted time to look over it.    And, at a
still later interview, she heard him say to her father: "If I was
financially situated, I would soon settle this matter up.    I am not
so now."    This language on the part of Sharkey, if he used it, is
difficult to reconcile with the defense now set up, that Meister had
been fully paid; and, if the jury had been allowed to pass upon
the entries of Meister in the time books in the light of the daugh-
ter's testimony as to what Sharkey subsequently said about her
father's claim, they might have reached the conclusion that the
plea of payment had not been satisfactorily made out.    At all
events, there was enough in this evidence to require the submission
of the case to the jury.

The judgment should be reversed, and a new trial granted, with
costs to abide the event.    All concur.