done under the circumstances, is error. Suppose the question had arisen whether an employer operating a railroad, or a factory filled with complicated machinery, exercised due care in permitting the equipment or machinery complained of to be used, would it be proper to instruct jurymen unskilled in the business to imagine themselves in the place of the employer, and say what they would have done under the circumstances, and that, if they would have done as the employer did, negligence was not shown? I think not. The question of negligence or diligence must be determined on the evidence in the case, and not upon what the jurymen would have done, or omitted to do, had they been in the place of either party. On the first appeal it was held (9 App. Div. 628, 41 N. Y. Supp. 525) that the evidence did not justify the jury in finding that the position of one of the bumpers on the Pittsburg, Ft. Wayne & Chicago car No. 7,609 was the cause of the accident, and I am of the opinion that the evidence contained in the present record is not sufficient to justify the submission to the jury of the question whether the position of the bumper was the cause of the accident. The order denying defendant's motion made on the minutes for a new trial should be reversed, and a new trial granted, with costs to abide the event. GREEN, J., concurs.

McGILLIS et al. v. McGILLIS et al. (Supreme Court, Appellate Division, Third Department. March, 1897.) Action by Robert A. McGillis and another against Ewen McGillis, Morrison M. E. Jarvis, and others. No opinion. The application for leave to appeal to the court of appeals from the judgment rendered by this court in the above-entitled action, made on the part of the defendants Ewen McGillis, Henry W. Hayden, and others, and also by Henry T. Kellogg, Esq., on behalf of the infant defendant Morrison M. E. Jarvis, is allowed. Such order, so far as it certifies the questions of law to be reviewed on such appeal, to be settled by Mr. Justice Landon. See 42 N. Y. Supp. 921, 1127.

McKIM v. MANHATTAN RY. CO. (Supreme Court, Appellate Division, First Department. June 18, 1897.) Action by one McKim against the Manhattan Railway Company. No opinion. Motion granted upon defendant giving the stipulations and security prescribed in previous cases.

MANASHA, Respondent, v. ROYAL BEN. SOC., Appellant. (City Court of New York, General Term. July 15, 1897.) Action by Heyman Manasha against Royal Benefit Society. No opinion. Judgment and order affirmed, with costs.

MANDA, Respondent, v. ETIENNE, Appellant. (Supreme Court, Appellate Division, First Department. June 18, 1897.) Action by Albert A. Manda against Emilius Etienne. H. W. Rudd, for appellant. H. M. Hitchings, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 43 N. Y. Supp. 194.

MANUFACTURERS' NAT. BANK OF TROY, Appellant, v. KANE, Respondent. (Supreme Court, Appellate Division, Third Department. July 6, 1897.) Action by the Manufacturers' National Bank of Troy against Pierce D. Kane, as trustee, etc. No opinion. Judgment affirmed, with costs. All concur, except LANDON, J., dissenting.

MARCUS v. HAMBERGER. (Supreme Court, Appellate Division, Second Department. July 13, 1897.) Action by one Marcus against one Hamberger. No opinion. Judgment affirmed, with costs.

MARCUS et al., Respondents, v. HAMBERGER, Appellant. (Supreme Court, Appellate Division, Second Department. July 15, 1897.) Action by Louis Marcus and David Dembow against Charles Hamberger. No opinion. Judgment affirmed, with costs.

MARTIN v. MAYOR OF CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. August 4, 1897.) Action by Louis Martin against the mayor of the city of New York. No opinion. Motion denied, with $10 costs.

MARTIN, Respondent, v. MAYOR, ETC., OF CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. August 4, 1897.) Action by Louis Martin against the mayor and commonalty of city of New York. G. O'Reilly, for appellant. W. S. Bennett, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

In re MAYOR, ETC., OF CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. August 4, 1897.) In the matter of the mayor, aldermen, and commonalty of the city of New York. No opinion. Motion for reference granted.

In re MAYOR, ETC., OF CITY OF NEW YORK. In re CHAMBERS ST. (Supreme Court, Appellate Division, First Department. August 4, 1897.) In the matter of the mayor, aldermen, and commonalty of the city of New York. In the matter of Chambers street, etc. H. F. Miller, for mayor, etc. T. Connoly, for Chambers street. No opinion. Order affirmed, with $10 costs and disbursements.

MEISTER, Appellant, v. SHARKEY MONUMENT WORKS, Respondent. (Supreme Court, Appellate Division, Second Department. July 7, 1897.) Action by Elizabeth Meister, as administratrix, etc., against the Sharkey Monument Works. No opinion. Order modified so as to impose, as a condition of granting the relief prayed for, that bill of particulars be served within 20 days, and that within a like period the defendant pay to the plaintiff the trial fee, and the disbursements of the second trial, and $10 costs of motion, and the disbursements on this appeal, and, as modified, affirmed, without further costs to either party. See 39 N. Y. Supp. 789.